Michelle JOHNSON, Plaintiff–
Appellant,

v.

Anthony J. PRINCIPI, Defendant–
Appellee.

No. 03–1832.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 12, 2003.*

Decided Sept. 12, 2003.

---

* This successive appeal has been submitted to the original panel, see Operating Procedure 6(b), which has concluded that oral argument is unnecessary. Fed. R.App. P. 34(a); Cir. R. 34(f).

Armand L. Andry, Oak Park, IL, for Plaintiff-Appellant.

Thomas P. Walsh, Office of the United States Attorney, Chicago, IL, for Defendant-Appellee.

Before POSNER, EASTERBROOK, and DIANE P. WOOD, Circuit Judges.

## ORDER

In October 1994, Michelle Johnson filed this action against the Department of Veterans Affairs (VA), claiming that she had been subjected to illegal sex discrimination and retaliation. After a bench trial in May 1996, the district court ruled in favor of the VA. Johnson appealed. This court concluded that the district court's judgment could not stand both because of a lack of findings on the question whether Johnson had unreasonably failed to take advantage of protective or corrective opportunities afforded by her employer and because of a lack of findings on certain issues relating to her retaliation allegations. See *Johnson v. West*, 218 F.3d 725 (7th Cir.2000). On remand, the district made the additional findings of fact and conclusions of law that were necessary, and it ruled again that the VA was entitled to judgment on both of Johnson's claims. Once again, Johnson has brought her case to this court, but this time she argues only

that the district court clearly erred in its factual findings. Upon reviewing the record and the court's decision, we cannot agree.

For purposes of this order, we assume familiarity with the underlying facts of the case, which were described in *Johnson v. West*. Briefly, however, Johnson worked as the secretary to one Karl Williams, the Chief of Police at the Hines VA Hospital in the Chicago area. From 1990 through mid-1992, Williams behaved in a crude and offensive way toward Johnson, eventually forcing her to have unwanted sexual intercourse with him by threatening to terminate her if she refused. Johnson did not report Williams's conduct to anyone in the agency until January of 1992, when she informed the Director of Hines Hospital, Dr. Joan Cummings, about the harassment. Cummings instructed Johnson to file a formal complaint with the EEO officer, which she did on February 28, 1992. Cummings then appointed an administrative board to review the complaint. In May 1992, Cummings transferred Johnson to an equivalent position in the hospital as a temporary corrective measure. Eventually, the EEO investigation resulted in a finding that Johnson had been sexually harassed. On November 9, 1992, Cummings removed Williams as chief of police, transferred Johnson back to her old job, and assigned her to a new supervisor. Before that resolution occurred, however, Johnson had encountered Williams in the hallway as he was leaving his EEO interview. Johnson struck Williams across the face, because she believed that he had lied about his conduct during the investigation. A year after that incident, in September 1993, Cummings fired Johnson for striking Williams.

Our original opinion affirmed the district court's conclusion that Johnson had been sexually harassed by Williams. We con-

cluded, however, that two issues required further exploration. First, with respect to Johnson's sex discrimination/harassment claim, we held that the district court had not made adequate findings on the affirmative defense to vicarious liability recognized in *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998), and *Faragher v. City of Boca Raton,* 524 U.S. 775, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998). Second, with respect to the retaliatory discharge claim, we remanded for further findings on the question whether the VA's act of firing Johnson for the slap was in keeping with the way it had handled similar problems in the past and consistent with its treatment of Williams. The district court's opinion on remand has now fully addressed both of those points, and so our only remaining task is to decide whether its findings are clearly erroneous.

 Under *Ellerth* and *Faragher,* vicarious liability for a supervisor's sexual harassment of a subordinate employee depends in the first instance on whether a tangible employment action results from the harassment. If there was, then the employer is vicariously liable; if not, the employer will still be vicariously liable unless it can establish the affirmative defense recognized by the Court in those cases. Johnson's sexual harassment claim falls in the latter group of cases, as she cannot point to any tangible employment action that resulted from Williams's offensive behavior. The VA is thus entitled to invoke the *Ellerth/Faragher* affirmative defense. That defense requires the employer to prove two elements: first, that it exercised reasonable care to prevent and address promptly the harassing behavior, and second, that the employee unreasonably failed to take advantage of the preventive or corrective opportunities provided by the employer or otherwise unreasonably failed

to avoid harm. See *Ellerth,* 524 U.S. at 765; *Faragher,* 524 U.S. at 806–07. The district court's initial opinion established that the VA met its burden with respect to the first of those two elements, and this court found no fault with that conclusion in *Johnson v. West.* The district court made the following supplemental findings with respect to the second element:

Here, several factual conclusions, perhaps individually, but certainly collectively, lead the Court to conclude that Johnson failed to meet this duty [*i.e.* to use the hospital's preventive or corrective procedures]. First, Johnson waited sixteen months from the date of the first and most severe alleged incident of sexual harassment to make any allegations of harassment to a supervisor, and twenty months to file formal charges of harassment....Second, once Johnson filed her charges, she was entirely uncooperative with investigative authorities—she refused to comply with Cummings' request for an additional interview and later sought to have her harassment charges dropped in exchange for a promotion. Third, Johnson's harassment allegations escalated in severity as she proceeded through the administrative and judicial process. From her complaints to Davis and Jones to her allegations presented to Cummings, the Review Board, and the EEO investigator, and culminating in her trial testimony, Johnson's allegations snowballed from generally oppressive office behavior in her earlier complaints to rape accusations at trial. And, the mushrooming of Johnson's allegations cannot be attributed to any corresponding escalation of Williams' harassing conduct—for example, the rape allegations arose out of the events of September 19, 1990, and thus would have been available to Johnson from day one.

These findings are supported by ample evidence in the record; they are certainly not clearly erroneous.

■ With respect to the retaliation claim, the question of pretext was the one that needed further exploration. The district court began by noting that the VA's stated reason for terminating Johnson was her act of striking Williams. As the court put it, "the otherwise curious one-year delay from the date of the assault to the date of the termination was attributable, in significant part, to Johnson's denials (ultimately conceded) that the incident ever happened." The court found irrelevant the question whether the assault was more like a punch or more in the nature of a slap; an employer is entitled to take the position that any kind of assault on a fellow employee is a valid basis for termination. Johnson, the court went on, offered neither direct nor indirect evidence that the VA's stated reason for her termination was a pretext for a retaliatory motive. She offered no evidence along the lines suggested in this court's opinion to the effect that the action the agency took against Williams was so different from the action it took against her that pretext could be inferred. Nor did the evidence in the record support such an inference. The court noted that the offenses each employee committed were different enough (a physical assault, as compared with sexual harassment) that an employer might take different actions for each. Furthermore, Williams was seriously punished for his conduct: when Williams reported Johnson's assault, it was Williams who was removed from his position as chief of police, sent home for two weeks, relieved of all his duties for nine months, and forbidden to speak with police department personnel. Taken as a whole, the court's conclusion that Johnson failed to meet her burden of proving that the VA terminated her in retaliation for her EEO complaint was not clearly erroneous.

Johnson also argues on appeal that Williams should be considered to be the VA's alter-ego and thus the "employer" for purposes of Title VII. This argument, however, goes beyond the scope of the remand and the established law of the case, and is in any event utterly without merit. We therefore AFFIRM the judgment of the district court.